## JAMES LAWRENCE GILLIES V. STATE

No. 33,477. May 24, 1961

*Percy Foreman,* Houston, on appeal only, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Lee P. Ward, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder with malice; the punishment, 99 years.

The indictment charged that the appellant voluntarily and with malice aforethought killed Freddie Inglis by shooting him with a gun.

The testimony of the state shows that about 2 A.M. the ap-

pellant drove his pickup truck to the home of the deceased with the intent to kill him and by use of a shotgun ordered the deceased into the pickup and drove away. In a brief time and a short distance away, appellant stopped the pickup on a public road. From the direction of the pickup a resident nearby heard a commotion and the use of profanity by the voice of one person and the hysterical voice of another saying "don't do that," immediately followed by "a shot"; then the resident telephoned the sheriff's office. An occupant of a car near the parked pickup testified that he saw the person on the driver's side slapping and hitting the person on the opposite side as he attempted to ward off the attack while calling for help; then he heard a muffled sound, the right door of the pickup came open and a man while saying "help me" fell from the pickup which was immediately driven away.

Officer Morgan, the arresting officer, testified that the appellant told him that he had just killed a man named Freddie (the deceased), and from the information appellant gave him Morgan found the shotgun, which appellant told him was used in the shooting, in the pickup.

The proof shows that a shotgun wound, about the size of a silver dollar, in the left side immediately below the deceased's ribs caused his death.

The appellant did not testify or offer any evidence before the jury.

At the close of the evidence the appellant informed the court that he desired to change his plea of not guilty to guilty. The change of the plea is shown in the judgment of the court.

The judgment, in part, is as follows:

"This day this cause was called for trial; and the State appeared by her District Attorney, and the Defendant, JAMES LAWRENCE GILLIES, appeared in person and by Counsel J. Cahoon, Sr., and J. Cahoon, Jr., and both parties announced ready for trial; and the said Defendant, JAMES LAWRENCE GILLIES having been duly arraigned herein according to law, in open Court pleaded not guilty to the charge contained in the indictment herein; thereupon a jury to-wit: W. D. Scott and eleven others, was duly selected, empanelled and sworn, according to law, who having heard the indict-

ment read, and Defendant's plea of Not Guilty thereto; and having heard the evidence submitted the Defendant in person and by and through his counsel moved to change his plea, and in open court entered his plea of guilty to the charge contained in the indictment herein.

"And thereupon the Defendant was admonished by the Court of the consequences of his said plea and said Defendant persisted in entering said plea, and it plainly appearing to the Court that said Defendant is sane, and is uninfluenced in making his said plea by any consideration of fear or any persuasion or any delusive hope of pardon prompting him to confess his guilt, the said plea is by the Court received and entered of record as the plea of said Defendant herein;

* * * *."

Appellant contends that the trial court committed fundamental error when he instructed the jury to find the appellant guilty "as charged" because such instruction violated the mandatory provisions of Art. 502, C.C.P., and stripped the jury of all discretion on the issue of malice aforethought thereby requiring it in its deliberations on the issue of punishment to assume that the appellant acted with malice aforethought.

No objections were made to the charge and no specially requested charges were submitted.

The appellant by his plea of guilty regularly entered with the formalities required by statute, admitted all the material allegations in the indictment, which included that of malice aforethought, and the evidence sufficiently supporting said allegations, the guilt of the appellant as charged, became settled as a matter of law and the only issue for the jury to determine was that of the punishment.

The evidence is sufficient to support the jury's verdict, and no error appearing, the judgment is affirmed.

Opinon approved by the Court.